ORDERED UNSEALED on 03/20/2024 s/ Alexandra

SEALED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RUDOLPH HUMPHREY,<br>Defendant. | Case No.: '24 MJ0846<br>COMPLAINT FOR VIOLATION OF:<br>Title 18, U.S.C. § 922(g)(1) – Felon in Possession of Ammunition |

The undersigned complainant being duly sworn states:

COUNT ONE

On or about January 23, 2024, within the Southern District of California, defendant RUDOLPH HUMPHREY, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition that traveled in and affected interstate commerce, to wit: approximately 10 rounds of 9mm ammunition; in violation of Title 18, United States Code, Section 922(g)(1).

ANTHONY COLON
SPECIAL AGENT, ATF

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 1st day of March 2024.

HON. KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

On January 23, 2024, at approximately 9:15 p.m., patrolling El Cajon Police Department Officers (ECPD) observed a silver Cadillac sedan being driven by Rudolph HUMPHREY who was a known parolee. Specifically, HUMPHREY was on parole in relation to a conviction for violating California Penal Code §245(a)(2)–assault with a firearm. Officers were aware HUMPHREY had a parole hold placed on or about January 18, 2024 based on multiple parole violations. The ECPD Officers conducted a traffic stop of the Cadillac based on that parole hold.

During the traffic stop, HUMPHREY advised the ECPD Officers that he was residing on Chambers Road, which was consistent with ECPD Officers observing HUMPHREY using a key to enter an apartment located at 440 Chambers Road, #71 in El Cajon, California (the "Residence") which is within the Southern District of California. HUMPHREY had also previously observed walking a dog in and out of the Residence. The Cadillac HUMPHREY was driving was registered to a female with the initials P.V. A records check revealed P.V. was also listed as the renter of the Residence.

ECPD Officers went to the Residence and conducted a parole search. The Residence is a one-bedroom, one-bathroom apartment. P.V. was at the Residence when officers arrived and confirmed HUMPHREY lived at the Residence. When P.V. was told a parole search would be conducted, P.V. stated she needed to put HUMPHREY's pit bull outside. During the search, police found two AR-15 style firearms and a 9mm firearm, all of which were determined to be suspected privately made firearms ("PMFs", commonly referred to as "ghost guns"). All of the firearms were found in the closet of P.V. and HUMPHREY's shared bedroom. Specifically, the 9mm and one of the AR-15 style firearms were found near the top shelf of the closet amongst male clothing and a red bandana, the other was found on the floor in a black duffle bag. A red duffle bag was also located near the male clothing in the closet. The red duffle bag contained two high-capacity ammunition magazines compatible with a rifle and a one high-capacity pistol ammunition magazine

loaded with approximately 10 rounds of 9mm ammunition. P.V. told police she was not aware of any firearms in the Residence that she had never seen HUMPHREY with firearms.

HUMPRHEY has the following relevant criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 2006 | CASC – San Diego | Cal. PC § 245(a)(2) – Assault with a Firearm (Felony) | 16 Years Prison |
| 1997 | CASC – San Diego | Cal PC §12021(a)(1) – Felon in Possession of a Firearm | 4 Years Prison |

The 9mm ammunition was seized and inspected. Preliminary checks revealed that the ammunition was not manufactured in California. Therefore, the ammunition traveled in and/or affected interstate commerce by being brought into the state of California following its manufacture.

**<u>REQUEST FOR SEALING</u>**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee and may cause destruction of evidence and may have a negative impact on this continuing investigation.